UNITED STATES v. THOMSON & TAYLOR SPICE CO.

(District Court, N. D. Illinois. June 17, 1912.)

No. 4,851.

Food (§ 5*)—Food and Drugs Act—Misbranding.

Under regulation (c), adopted under Food and Drugs Act June 30, 1906, c. 3915, § 3, 34 Stat. 768 (U. S. Comp. St. Supp. 1911, p. 1355), that "the use of a geographical name in connection with a food or drug product will not be deemed a misbranding, when by reason of long usage it has come to represent a generic term, and is used to indicate a style, type, or brand, but in such cases the state or territory where any such article is manufactured or produced shall be stated upon the principal label," coffee shipped from the port of Aden, Arabia, whether produced in Arabia or Abyssinia, may properly be labeled "Mocha," but the label must state in which of the two countries it was produced.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 1; Dec. Dig. § 5.*

What constitutes a violation of pure food regulations, see note to Brina v. United States, 105 C. C. A. 559.]

Proceeding by the United States against the Thomson & Taylor Spice Company. Judgment for penalty against defendant.

James H. Wilkerson, U. S. Atty., and A. R. Hulbert, Asst. U. S. Atty.

Thomas Vent, for defendant.

LANDIS, District Judge. In this case the defendant company is charged with a violation of the misbranding section of the pure food law, in that there has been the use of the geographical name "Mocha" in connection with the sale of coffee grown in Abyssinia. Against the defendant it is urged the word "Mocha" can lawfully be used only to designate coffee grown in Arabia.

The facts are that on one side of the Red Sea is Arabia and on the other side is Abyssinia. Coffee is, and for centuries has been, grown in both of these countries. Up to about 200 years ago practically all of the Arabian product and a portion of the Abyssinian product was shipped out through the port of Mocha, located on the Arabian side of the Red Sea. Because of this fact, this coffee was called Mocha. At that time, owing to the formation of a sand bar obstructing the entrance to the harbor of Mocha, that port ceased to be the point of shipment for the coffee product, and since that time it has come out mainly through the port of Aden, in Arabia. This is the case now with respect to both the Arabian and Abyssinian product,

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as it was up to 200 years ago with respect to both products at the port of Mocha.

The pure food regulation adopted under the authority conferred by the pure food law is as follows:

"(c) The use of a geographical name in connection with a food or drug product will not be deemed a misbranding when, by reason of long usage, it has come to represent a generic term, and is used to indicate a style, type, or brand; but in such cases the state or territory where any such article is manufactured or produced shall be stated upon the principal label."

It will be observed that Mocha is not a place where the coffee is manufactured or produced. As above stated, it is merely the port through which originally the coffee referred to found its way to market. This being true, the above regulation plainly requires the use of the word "Abyssinian" in connection with the word "Mocha" to cover coffee grown in Abyssinia, as the same law requires the use of the word "Arabian" in connection with "Mocha" to cover coffee grown in Arabia.

In view of the fact that it was agreed on all sides that this case was brought as a test to determine this question, the minimum penalty of $1 will be imposed.